## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:
Frederick Neal,

CASE NO.:

      Debtor(s).

## CHAPTER 13 PLAN

### A.    NOTICES.

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ | X |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ | X |
| Nonstandard provisions, set out in Section E. | ☐ | X |

### B.    MONTHLY PLAN PAYMENTS.
Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$2,516.48 from month one through sixty.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**C.    PROPOSED DISTRIBUTIONS.**

    **1.    ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $3,500.00 Total Paid Prepetition $3,500.00 Balance Due $0.00**

**MMM Fee $1,850.00 Total Paid Prepetition $0.00 Balance Due $1,850.00**

**Estimated Monitoring Fee at $25.00 per Month.**

**Attorney's Fees Payable Through Plan at $457.80 in months one through four; and $18.80 in month five (subject to adjustment).**

    **2.    DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

    **3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

    **4.    TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    **5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a)    Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(b)    Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(c)   **Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee:  (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| 0540 | Bank of New York Mellon | 12564 Fallowhide Lane, Jacksonville, Florida 32225 | $1,782.02 |
| | | | |

(d)   **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

(e)   **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

**(f)    Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(g)    Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(h)    Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(i)     Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(j)     Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(k)     Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**6.     LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's

payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

    (a)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
| | | | | |
| | | | | |

    (b)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
| | | |
| | | |

    (c)    **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
| | | |
| | | |

7.    **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $25,618.72.

D.    **GENERAL PLAN PROVISIONS:**

1.    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2.    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3.    If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b)    __X__ shall vest in Debtor upon confirmation of the Plan.

4.    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.    Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.    Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not**

8

spend any tax refund without first having obtained the Trustee's consent or Court approval.

**E.     NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

_____
_____
_____
_____

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

SIGNATURE(S):

Debtor(s)

_____          Date  1/2/18
Frederick Neal, Debtor


**CLEAVELAND & CLEAVELAND, P.L.**


/s/ Michael Ross Cleaveland_____
**Michael Ross Cleaveland, Esquire**
Florida Bar Number: 166448
10001 Gate Parkway North
Jacksonville, Florida 32246
(904) 642-2040
jaxconsumer@cc-lawoffice.com
Counsel for the Debtor

| Neal, Frederick CaseNo | 1st Pmt Due 2/2/2018 Unsecured | Plan Mths 60 | Unse c pct #### | Unsec Amt $25,607.63 Debtor Pmt | Trustee % 10.0% Tee Fee | | Attorney $1,850.00 | Attorney Admin. Fee $1,500.00 | Bank of New York Mellon - mtg. mediation Claim Amt $106,921.20 | Creditor4 Claim Amt | Creditor5 Claim Amt | Creditor6 Claim Amt | Creditor7 Claim Amt | Creditor8 Claim Amt | Creditor9 Claim Amt | Cr Cl |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | $25,618.72 | | | $150,988.80 | ######## | | $1,850.00 | $1,500.00 | | | | | | | | |
| 2/2/2018 | $0.01 | 1 | | $2,516.48 | $251.65 | | $457.80 | $25.00 | $1,782.02 | | | | | | | |
| 3/2/2018 | $0.01 | 2 | | $2,516.48 | $251.65 | | $457.80 | $25.00 | $1,782.02 | | | | | | | |
| 4/2/2018 | $0.01 | 3 | | $2,516.48 | $251.65 | | $457.80 | $25.00 | $1,782.02 | | | | | | | |
| 5/2/2018 | $0.01 | 4 | | $2,516.48 | $251.65 | 4 at | $457.80 | $25.00 | $1,782.02 | | | | | | | |
| 6/2/2018 | $439.01 | 5 | | $2,516.48 | $251.65 | 1 at | $18.80 | $25.00 | $1,782.02 | | | | | | | |
| 7/2/2018 | $457.81 | 6 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 8/2/2018 | $457.81 | 7 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 9/2/2018 | $457.81 | 8 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 10/2/2018 | $457.81 | 9 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 11/2/2018 | $457.81 | 10 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 12/2/2018 | $457.81 | 11 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 1/2/2019 | $457.81 | 12 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 2/2/2019 | $457.81 | 13 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 3/2/2019 | $457.81 | 14 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 4/2/2019 | $457.81 | 15 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 5/2/2019 | $457.81 | 16 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 6/2/2019 | $457.81 | 17 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 7/2/2019 | $457.81 | 18 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 8/2/2019 | $457.81 | 19 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 9/2/2019 | $457.81 | 20 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 10/2/2019 | $457.81 | 21 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 11/2/2019 | $457.81 | 22 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 12/2/2019 | $457.81 | 23 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 1/2/2020 | $457.81 | 24 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 2/2/2020 | $457.81 | 25 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 3/2/2020 | $457.81 | 26 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 4/2/2020 | $457.81 | 27 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 5/2/2020 | $457.81 | 28 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 6/2/2020 | $457.81 | 29 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 7/2/2020 | $457.81 | 30 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 8/2/2020 | $457.81 | 31 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 9/2/2020 | $457.81 | 32 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 10/2/2020 | $457.81 | 33 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 11/2/2020 | $457.81 | 34 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 12/2/2020 | $457.81 | 35 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 1/2/2021 | $457.81 | 36 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 2/2/2021 | $457.81 | 37 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 3/2/2021 | $457.81 | 38 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 4/2/2021 | $457.81 | 39 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 5/2/2021 | $457.81 | 40 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 6/2/2021 | $457.81 | 41 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 7/2/2021 | $457.81 | 42 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 8/2/2021 | $457.81 | 43 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 9/2/2021 | $457.81 | 44 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 10/2/2021 | $457.81 | 45 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 11/2/2021 | $457.81 | 46 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 12/2/2021 | $457.81 | 47 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 1/2/2022 | $457.81 | 48 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 2/2/2022 | $457.81 | 49 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 3/2/2022 | $457.81 | 50 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 4/2/2022 | $457.81 | 51 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 5/2/2022 | $457.81 | 52 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 6/2/2022 | $457.81 | 53 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 7/2/2022 | $457.81 | 54 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 8/2/2022 | $457.81 | 55 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 9/2/2022 | $457.81 | 56 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 10/2/2022 | $457.81 | 57 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 11/2/2022 | $457.81 | 58 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 12/2/2022 | $457.81 | 59 | | $2,516.48 | $251.65 | | | $25.00 | $1,782.02 | | | | | | | |
| 1/2/2023 | $457.81 | 60 | # | $2,516.48 | $251.65 | | # at $0.00 | # at | $1,782.02 | | | | | | | |
| | $25,618.72 | | | $150,988.80 | ######## | | $1,850.00 | $1,500.00 | ######## | | | | | | | |
| Unsec Amt | $25,607.63 | | | | | | | | | | | | | | | |
| | 100% | | | | | | | | | | | | | | | |